FILED

2003 OCT 31  P 12: 28

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ARIEL FALCON** | : | **CIVIL ACTION NUMBER** |
| v. | : | **3:01CV01995(AHN)(HBJ)** |
| **JOHN J. ARMSTRONG ET AL.** | : | **OCTOBER 30, 2003** |

## ANSWER AND AFFIRMATIVE DEFENSE TO COMPLAINT

1-25.  As to paragraphs 1 through 25, the Defendants have insufficient knowledge or information upon which to form a belief and, therefore, deny the same and leave the Plaintiff to his proof. As to paragraph 1, the Defendants, James Gattling, Joseph Murphy and Jaqueline Mobely, admit that the are domiciled within and citizens of the State of Connecticut.

26.  With regard to those portions of paragraph 26 that allege "In that capacity, he is responsible for making decisions about the treatment of inmates residing at the halfway house," the Defendants state that treatment of clients, as pertains to the Plaintiff's claim, is governed by Department of Corrections (DOC) mandates, and therefore that allegation is denied. The remaining allegations contained in paragraph 26 are admitted.

27.  With regard to those portions of paragraph 26 that allege "In that capacity, he is responsible for making decisions about the treatment of inmates residing at the halfway

house," the Defendants state that treatment of clients, as pertains to the Plaintiff's claim, is governed by Department of Corrections (DOC) mandates, and therefore that allegation is denied. The remaining allegations contained in paragraph 26 are admitted.

28. With regard to those portions of paragraph 26 that allege "In that capacity, he is responsible for making decisions about the treatment of inmates residing at the halfway house," the Defendants state that treatment of clients, as pertains to the Plaintiff's claim, is governed by Department of Corrections (DOC) mandates, and therefore that allegation is denied. The remaining allegations contained in paragraph 26 are admitted

29-34. As to paragraphs 29 through 34, the Defendants have insufficient knowledge or information upon which to form a belief and, therefore, deny the same and leave the Plaintiff to his proof.

35-36. The Defendants deny the allegations of paragraphs 35 through 36.

37-41. As to paragraphs 37 through 41, the Defendants have insufficient knowledge or information upon which to form a belief and, therefore, deny the same and leave the Plaintiff to his proof.

42. The Defendants admit that New Opportunities Inc. is a work release

program for assigned inmate clients and that the Plaintiff was admitted into that program on or about September 28, 2001 and was removed by the Department of Corrections (DOC) on or about November 1, 2001. Otherwise, the Defendants deny the remaining allegations.

43-46. As to paragraphs 43 through 46, the Defendants have insufficient knowledge or information upon which to form a belief and, therefore, deny the same and leave the Plaintiff to his proof.

### COUNT ONE

1-46. The Defendants re-allege the answers to paragraphs 1 through 46 and hereby incorporate said answers as the answers to paragraphs 1 through 46 of Count One.

47-49. As to paragraphs 47 through 49, the Defendants have insufficient knowledge or information upon which to form a belief and, therefore, deny the same and leave the Plaintiff to his proof.

50. The Defendants deny the allegations of paragraph 50.

51. As to paragraph 51, the Defendants have insufficient knowledge or information upon which to form a belief and, therefore, deny the same and leave the Plaintiff to his proof.

52-53. The Defendants deny the allegations of paragraphs 52 through 53.

54-63. As to paragraphs 54 through 63, the Defendants have insufficient knowledge or information upon which to form a belief and, therefore, deny the same and leave the Plaintiff to his proof.

64. As to paragraph 64, the Defendants have insufficient knowledge or information upon which to form a belief and, therefore, deny the same and leave the Plaintiff to his proof. The Defendants admit that the Plaintiff told Jaqueline Mobley of a surgery scheduled for November 5, 2001.

65-69. The Defendants deny the allegations of paragraphs 65 through 69.

## COUNT TWO

These Defendants do not plead to the allegations contained within Count Two as Count Two is not directed against them.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendants allege that no liability can be imposed on New Opportunities or its employees for the allegations set forth in the Plaintiffs' Complaint since, at the time of the incidents complained of, the Defendants were engaged in the performance of a public duty,

for the public benefit, and not for its own corporate profit and are therefore wholly immune from liability under the doctrine of Sovereign Immunity.

                DEFENDANTS: James Gatling,
                Joseph Murphy and Jaquiline Mobley

                Sergio C. Deganis
                Ouellette, Deganis, Gallagher & Ward
                143 Main St. Cheshire, CT 06410
                (203) 272-1157
                Federal Bar # CT 03080

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid to all counsel and pro se parties of record on October 30, 2003, as follows:

Richard T. Biggar, Esquire
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

Diane Polan, Esquire
Law Offices of Diane Polan
129 Church St. Suite 802
New Haven, CT 06510

Sergio C. Deganis
Ouellette, Deganis, Gallagher & Ward
143 Main St. Cheshire, CT 06410
(203) 272-1157
Federal Bar # CT 03080