# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ARIEL FALCON : NO. 3:01CV01995(AHN)(HBF)

VS. :

JOHN J. ARMSTRONG, ET AL. : MAY 17, 2004

## MOTION FOR INVOLUNTARY DISMISSAL PURSUANT TO RULE 41(b)

The defendants listed below[1] hereby move this court for a dismissal of the above-caprtioned matter as to them for failure to prosecute this case and failure to comply with the orders of this court that it disclose its expert witnesses.

**Facts:**

This case was initiated over two and one-half years ago in October of 2001. The action primarily seeks damages for alleged indifference to plaintiff's medical needs. Plaintiff alleges, essentially, that he now suffers from kidney cancer which the defendants failed to diagnose and treat.

---

[1]    This motion is filed on behalf on defendants so numerous they are enumerated only in this footnote:

| | | | |
|---|---|---|---|
| John J. Armstrong | Mingzer Tung, MD | Bryan Castle | Ilene Higgins |
| Peter Matos | Hector Rodriguez | Esther McIntosh | John P. Tarascio |
| Jack Tokarz | Remy Acosta | Pam Shea | Brett S. Rayford |
| Jonathan V. Hall | David Russell | Officer Getz | Lieutenant McKenna |
| Doctor Esposito | Leslie E. Brooks | Lieutenant DeValle | Maurice Cooper |
| Giovanny Gomez | Edward D. Maleh, MD | Sherly Schwink | Steven Stein |
| Nicholas Newbold | Nurse Pace | | |

Over the course of a series of phone conferences with the Honorable Magistrate Judge Holly Fitzsimmons, counsel for the plaintiff has stated that he expected to and would be disclosing an expert medical witness and an expert report. Counsel for the plaintiff has never disputed that a medical expert is necessary to the prosecution of his case. Specifically, pursuant to a telephone conference with Judge Fitzsimmons on October 3, 2003, over seven months ago, the Court ordered the plaintiff to disclose an expert no later than December 2, 2003. During the October 3, 2003 phone conference, counsel for the plaintiff did not indicate he expected this to be a problem in any way and there was no indication he would not comply with the order. The Court further stated that discovery be completed by the end of the year with a trial as close to the first of the year as possible

At a second telephone conference between the Court and the parties on December 18, 2003, the Court generously issued a modified scheduling order: The plaintiff was to disclose expert witnesses by February 9, 2004, and depositions of plaintiff's experts were to be completed by March 8, 2003. The defendants were then to disclose their experts by April 23, 2003. The Court expressly ordered that these disclosures were to be complete expert disclosures in conformity with Rule 26(a)(2). Again, plaintiff's counsel made no indication that this order was impossible or even difficult, and did not express any problem in complying with the order.

In a follow-up telephone conference on May 3, 2003, the plaintiff conceded that he had no medical expert. He indicated it would be too expensive to even pay an expert to review the records and for the first time stated that the plaintiff was indigent. Counsel for the plaintiff indicated that the plaintiff had just started seeking money from relatives for an expert to review

2

records preliminary to retaining an expert. Counsel offered no explanation for not having raised this issue during the last seven months.

**Argument:**

The Second Circuit established the criteria for involuntary dismissal in *Lesane v. Hall's Security Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001). Recognizing that dismissal is a harsh remedy, the Second Circuit noted that indifference to a Court's order can result in dismissal. *Id.* at 209. The Court "must consider" the following:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* at 209, quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988).

In this case, the plaintiff has failed to make the appropriate expert disclosures well before this Court's specific orders that he do so. This action has been pending since for years with Judge Nevas ordering the close of discovery by July 31, 2003. Over six months have elapsed since the first ordered deadline by Judge Fitzsimmons, and the plaintiff has completely failed to excuse the passage of time with no efforts to retain an expert.

While there has not been any explicit notice from the Court that continued failure to cooperate would result in dismissal, the Court's intent to resolve this case in accordance with deadlines has been unmistakable. The defendants are all prejudiced as time from the events that

3

are the subject of the lawsuit continues to enlarge.  The Court has been more than generous to plaintiff, thus striking the requisite balance.

Lesser sanctions urged by the defendants should this Court decline to dismiss are: prohibiting the plaintiff from presenting expert testimony and monetary fines.  These lesser sanctions, however, are not as desirable as dismissal.  First of all, the plaintiff cannot be precluded from offering a witness he has not procured, and, as he is indigent, monetary fines are illusory.  Thus, the defendants move for dismissal of this matter.

DEFENDANTS,
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar No. ct08575
Telephone No.: (860) 808-5450
Fax: (860) 808-5591
lynn.wittenbrink@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid

to the following on this 17th day of May, 2004:

Richard T. Biggar
Assistant Attorney General
Office of the Attorney General
110 Sherman Street, Public Safety
Hartford, CT  06105

Attorney Diane Polan
129 Church Street, Suite 802
New Haven, CT  06510

Paul A. Garlinghouse, Esq.
Law Offices of Diane Polan
129 Church Street, Suite 802
New Haven CT  06510

Peter D. Clark, Esq.
Law Office of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT  06484

Sergio Deganis, Esq.
Ouellette, Deganis, Gallagher & Ward, LLC
143 Main Street
Cheshire, CT  06410


Lynn D. Wittenbrink
Assistant Attorney General